SMITH & DAVIS MFG. CO. v. SMITH.

(Circuit Court, N. D. Illinois.  March 31, 1898.)

TRADE-MARK—INFRINGEMENT.
    Where the number 27, originally used by a manufacturer of mattresses
    to designate a particular kind, as distinguished from other patterns or
    kinds made by him, has come to designate in the trade any mattress of
    like kind or quality, other manufacturers who have the right to make
    such mattresses may designate them by that number without infringe-
    ment.

    This is a suit in equity to enjoin the use by defendant of an al-
leged trade-mark.

    Peirce & Fisher and Paul Bakewell, for complainant.
    Offield, Towle & Linthicum and H. L. Fowler, for defendant.

    SHOWALTER, Circuit Judge.  This is a bill to stop the use by de-
fendant of what is alleged to be complainant's trade-mark.  The
parties are citizens of different states.  It developed in the evidence
that complainant has registered the mark in question at Washington,
but this bill is not grounded on the federal statute.  I see no reason
why the numerals 2 and 7, even in their ordinary conjunction as 27,
may not, under possible circumstances, be a trade-mark.  In the pres-
ent case the fact is not clearly made out that the defendant uses these
figures as a sign for the purpose of misrepresenting the origin of
goods made by himself, or for the purpose of representing himself as
the manufacturer of goods really made by complainant.  The fact
seems to be that the mark 27 is a mark of grade or quality.  It signi-
fies a steel-wire mattress made according to the specification of a
patent issued in 1882 to this defendant, who was at that time en-
gaged in business as a manufacturer of mattresses, and to whose
business this complainant afterwards succeeded.  The defendant had
graded his goods by numerals.  When he introduced the kind of
mattress made according to his patent, he marked that grade as No.
27, having already 26 grades of goods indicated by numerals from 1
to 26.  The defendant and his successor, the complainant, appar-
ently enjoyed a monopoly of the patented mattress for a time; but one
Mellon, a rival manufacturer in St. Louis, at length put upon the
market the same style of mattress, and used the figures "27" as indi-
cating the grade of it, or as distinguishing it from other grades of his
own manufacture.  A litigation ensued over the patent, and the
courts held it void.  Afterwards Mellon changed the grade number
from 27 to 28, specifying in his catalogue as his reason for so doing
that other manufacturers had depreciated the quality of the article
by poor workmanship and bad material, so that he preferred to indi-
cate that grade of goods as manufactured by himself as 28, instead
of 27.  Whether Mellon made this change for the reason stated in his
catalogue, or for fear of a trade-mark suit with this complainant,
seems to me immaterial.

    After separating himself from any connection with the complainant
in the case, this defendant established himself in the same business in
Chicago.  The grade of mattresses made by him on the lines of his

old patent he marks as No. 27, attaching a tag to the mattress containing the figures 27, and, presumably, the name of the defendant as the manufacturer.    The tag in question, though spoken of in the record, was not reproduced there, so that I am not able to say what else was on the tag aside from the figures 27; presumably, the name of the manufacturer.    The matter specially relied on as showing the intent on the part of the defendant to trespass upon the good will of the complainant is a billhead from the writing under which it appears that the defendant, on December 21, 1894, sold to one Heineman, in Chicago, one of the mattresses designated therein as 27; but this billhead shows plainly that the defendant himself was the manufacturer of the mattress sold, and it is obvious that the figures 27 indicate from his standpoint simply the quality or kind or grade of mattress sold to Heineman.    It is not fair to say that this billhead was a representation by Smith that the mattress so sold was made by the complainant, or that Smith, in said billhead, did not clearly distinguish himself as a manufacturer from the complainant.    So far as the manufactured article itself is concerned, Smith or any other manufacturer has the same right to make and sell it as the complainant; and if, as seems to be the case, the figures 27 have acquired in the trade a significance as indicating that quality, style, or kind of mattress, then the defendant or any other trader would have the right to use them for that purpose.    The record seems to show that not only Mellon, but other manufacturers, after the lawsuit over the patent, made a mattress similar to that in question, and graded the same in their catalogues as No. 27.    It appears even that the predecessors of defendant in the manufacturing business now controlled by him at Chicago made such a mattress, and gave it that number.    The indications are that the figures 27 or No. 27 have come to designate or signify to the trade in wire mattresses a mattress of the kind originally graded by defendant, and afterwards by complainant, as No. 27.    On this understanding of the case, an injunction against defendant would give an unfair advantage in trade to the complainant.    I do not think a case for an injunction is made out here, and the bill is dismissed for want of equity.